UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT: WESTERN DISTRICT OF NEW YORK

RAYMOND WHITE,

                  Plaintiff,

Index No.

-vs-

**COMPLAINT**

CITY OF BUFFALO POLICE OFFICER ROBERT LARUSCH, CITY OF BUFFALO POLICE OFFICER BRANDON HAWKINS, CITY OF BUFFALO POLICE OFFICER LAUREN TRIPP, CITY OF BUFFALO POLICE OFFICER ZACHARY WILLIAMS, PEACE OFFICER FOR BUFFALO GENERAL HOSPITAL JON GULLO, PEACE OFFICER FOR BUFFALO GENERAL HOSPITAL LIEUTENANT CICCHALSKI, PEACE OFFICER FOR BUFFALO GENERAL VINCENT HUMPHREY, PEACE OFFICER FOR BUFFALO GENERAL JOHN DOE #1-4.

                  Defendants.

## JURY DEMAND

Trial by Jury on all issues is demanded

## PRELIMINARY INTRODUCTION

1. This is an action brought pursuant to 42 U.S.C § 1983 and 42 U.S.C § 1988 as applicable to the Fourth Amendment of the United States Constitution. The claim arises from Plaintiff's August 2, 2017 arrest by Defendants, the illegal nature of the arrest, the subsequent malicious prosecution of Plaintiff, and the excessive force used by Defendants in effectuating the arrest.

## PARTIES

2. Plaintiff, Raymond White, resides at 281 Parkdale Avenue, Buffalo, New York 14213, which is located in Erie County and the State of New York. At the time of the

transactions and occurrences that give rise to this lawsuit, Plaintiff Raymond White resided at the same residence.

3. Upon information and belief, City of Buffalo Police Officer Robert Larusch, is employed by the City of Buffalo and was acting in such capacity during the events which give rise to this lawsuit.

4. Upon information and belief, City of Buffalo Police Officer Brandon Hawkins, is employed by the City of Buffalo and was acting in such capacity during the events which give rise to this lawsuit.

5. Upon information and belief, City of Buffalo Police Officer Lauren Tripp, is employed by the City of Buffalo and was acting in such capacity during the events which give rise to this lawsuit.

6. Upon information and belief, City of Buffalo Police Officer Zachary Williams, is employed by the City of Buffalo and was acting in such capacity during the events which give rise to this lawsuit.

7. Upon information and belief, Peace Officer for Buffalo General Hospital Jon Gullo, is employed by Buffalo General Hospital and was acting in such capacity during the events which give rise to this lawsuit.

8. Upon information and belief, Peace Officer for Buffalo General Hospital Vincent Humphrey, is employed by the Buffalo General Hospital and was acting in such capacity during the events which give rise to this lawsuit.

9. Upon information and belief, Peace Officer for Buffalo General Hospital Lieutenant Cicchalski, is employed by the Buffalo General Hospital and was acting in such capacity during the events which give rise to this lawsuit.

10. Upon information and belief, Peace Officer for Buffalo General Hospital John Doe #1, is employed by the Buffalo General Hospital and was acting in such capacity during the events which give rise to this lawsuit.

11. Upon information and belief, Peace Officer for Buffalo General Hospital John Doe #2, is employed by the Buffalo General Hospital and was acting in such capacity during the events which give rise to this lawsuit.

12. Upon information and belief, Peace Officer for Buffalo General Hospital John Doe #3, is employed by the Buffalo General Hospital and was acting in such capacity during the events which give rise to this lawsuit.

13. Upon information and belief, Peace Officer for Buffalo General Hospital John Doe #4, is employed by the Buffalo General Hospital and was acting in such capacity during the events which give rise to this lawsuit.

## JURISDICTION

14. Plaintiff brings this action to recover damages for violations to his civil rights under the Fourth Amendment of the United States Constitution and bestowed upon the States and its citizens through the due process clause of the Fourteenth Amendment of the United States Constitution.

15. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1332 (federal question) and §1343 (civil rights).

16. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §2201 and § 2202.

17. Compensatory and Punitive damages are sought pursuant to 42 U.S.C. § 1983.

18. Costs and Attorney's fees may be awarded pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. Rule 54.

## VENUE

19. This action properly lies in the Western District of New York, pursuant to 28 U.S.C. § 1343(3) because the claims arose in this judicial district and the Defendants reside in and/or do business in Erie County.

## FACTUAL BACKGROUND

20. The events relevant to this action began at roughly 5:00 P.M. on August 2, 2017 at Buffalo General Hospital. Plaintiff was visiting his mother in the hospital. Plaintiff's brother was also in attendance. Plaintiff and his brother got into a verbal disagreement regarding their mother's care. In order to defuse the situation, Plaintiff began to exit the hospital.

21. As Plaintiff was exiting the hospital, he was approached by Defendant Gullo.

22. Plaintiff informed Defendant Gullo that he had a disagreement with his brother over his mother's care and was now leaving the hospital.

23. Attached as exhibit A is a supporting deposition submitted by Defendant Gullo in relation to criminal charges he eventually filed against Plaintiff.

24. In Defendant Gullo's own words, he and Defendant Cicchalski told Plaintiff to speak with the pair about what had happened. See, Ex. A.

25. Plaintiff exercised his right to remain silent and continued to walk away from said Defendants. See, Ex. A.

26. Defendant Cicchalski then, without probable cause or any legal basis, attempted to physically detain Plaintiff by grabbing Plaintiff's shoulder.

27. Plaintiff then pulled away from Defendant Cicchalski.

28. Defendant Cicchalski then continued attempting to detain Plaintiff without any legal basis to do so.

29. Defendant Cicchalski then wrestled Plaintiff to the ground at which point Defendant Gullo grabbed Plaintiff's arms, forcing them behind Plaintiff's back. The two Defendants were manhandling Plaintiff, and caused him injury in doing so.

30. At this point, the four John Doe Defendants arrived and assisted in handcuffing Plaintiff.

31. Plaintiff was then transported to 1028 Main street where he remained until members of the Buffalo Police Department arrived.

32. Plaintiff was then transferred to the custody of Defendants Larusch, Humphrey, Hawkins, Tripp, and Williams who transferred Plaintiff to 74 Franklin Street where Plaintiff was booked and processed.

33. Plaintiff was charged with Obstruction of Governmental Administration in the Second Degree and Harassment in the Second Degree.

34. Plaintiff would eventually have these baseless charges dismissed. (See the certificate of disposition, attached hereto as exhibit B).

35. As a result of the false arrest, excessive force, and malicious prosecution, Plaintiff was forced to endure by the Defendants, he has suffered both physical and psychological injuries.

36. Plaintiff suffers from continuous back pain since his encounter with Defendants, in addition to suffering from psychological trauma stemming from the incident.

**First Cause of Action for Violations of the Fourth Amendment as per 42 U.S.C. §1983 for False Imprisonment Against all Defendants:**

37. Plaintiff, Raymond White, repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

38. To maintain a claim for false imprisonment, a plaintiff must establish: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement, and; (4) the confinement was not otherwise privileged. See Bernard v. United States, 25 F. 3d 98, 102 (2d Cir. 1994).

39. The first three elements of this cause of action are easily established. It is clear that the Defendants intended to confine the Plaintiff given that Plaintiff was placed under arrest. It also similarly clear that Plaintiff was conscious of the confinement and did not consent to said confinement.

40. As to the last element, the Plaintiff argues that the confinement of him was not otherwise privileged.

41. The supporting statement supplied by the Defendants, attached hereto as exhibit A, states that the Defendants detained Plaintiff since he refused to speak with Defendants Gullo and Cicchalski.

42. In New York State, it is well established that "[a]n individual to whom a police officer addresses a question has a constitutional right not to respond. He may remain silent or walk or run away. His refusal to answer is not a crime." People v. Howard, 50 N.Y.2d 583, 586 (1980).

43. As the Plaintiff had a constitutional right to refuse to answer the Defendants and a right to even flee the situation, there is absolutely no justification for the Defendants to detain Plaintiff. Therefore, the confinement was not privileged in this instance.

44. The illegal nature of Plaintiff's initial confinement is then imputed to the remaining Defendants, who continued to incarcerate Plaintiff after his initial arrest.

**Second Cause of Action for Violations of the Fourth Amendment as per 42 U.S.C. § 1983 for Malicious Prosecution Against City of Buffalo Police Officer Robert LaRusch in his Individual Capacity:**

45. Plaintiff, Raymond White, repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

46. To prevail on a § 1983 claim for malicious prosecution a Plaintiff must prove: (1) the initiation or continuation of a criminal proceeding against him; (2) termination of the proceeding in is favor; (3) lack of probable cause for commencing the proceeding, and (4) actual malice as a motivation for the Defendant. Murphy v. Lynn, 118 F. 3d 938, 947 (2d Cir. 1997).

47. The first element can be established by the criminal accusatory's signed by Defendant LaRusch, attached hereto as exhibit C.

48. The certificate of disposition, attached hereto as exhibit B, establishes that the proceedings terminated in Plaintiff's favor, in the form of a dismissal.

49. The eventual criminal charges levied against Plaintiff were entirely based on Plaintiff purportedly resisting the attempts of Defendants Gullo and Cicchalski to illegally detain him.

50. As detailed in the preceding cause of action, Plaintiff engaged in no illegal activity by declining to answer the questions of the Defendants and attempting to leave the premises.

51. As the underlying detainment of Plaintiff was illegal in nature, he was well within his right to resist the illegal detainment being attempted by Defendants Gullo and Cicchalski.

52. As Plaintiff at no time engaged in any illegal activity, there undoubtedly was no probable cause to initiate charges against the Plaintiff.

53. Lastly, there is the matter of malice. A lack of probable cause generally creates an inference of malice. Boyd v. City of New York, 336 F.3d 72, 78 (2d Cir. 2003). Further, malice may be shown by proving that the prosecution complained of was undertaken from improper or wrongful motives, or in reckless disregard of the rights of the plaintiff. Manganiello v. City of New York, 612 F.3d 149, 163 (2d Cir. 2010). When the lack of probable cause has been adequately pled, there is no need to independently plead malice. Malice can be inferred from the lack of probable cause. Cruz v. City of New York, No. 08 Civ. 8640 (LAP), 2010 WL 3020602, at *6 (S.D.N.Y. July 27, 2010); Bleiwas v. City of New York, No. 15 CIV. 10046 (ER), 2017 WL 3524679, at *6 (S.D.N.Y. Aug. 15, 2017).

54. As the lack of probable cause has already been established, there is no need to independently plead malice at this time.

**Third Cause of Action for Violation of the Fourth Amendment as per 42 U.S.C. §1983 for the excessive use of force used against the Plaintiff by Defendants Gullo and Cicchalski in their Individual Capacities:**

55. Plaintiff, Raymond White, repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

56. To establish a claim for excessive force, a plaintiff must show "(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable." Cass v. City of Abilene, 814 F.3d 721,

731 (5th Cir. 2016). Whether the force used was excessive or unreasonable is a fact intensive inquiry that depends on the "totality of the circumstance." <u>Tennessee v. Garner</u>, 471 U.S. 1, 8-9 (2010).

57. In the case at bar, Plaintiff can establish that he suffered injuries as a result of being assaulted by Defendants Gullo and Cicchalski on August 2, 2017 through documents which are attached hereto as exhibits D and E. Exhibit D is a pair of photographs of Plaintiff's arm which were taken shortly after his encounter with the Defendants. These photos show that Plaintiff suffered bruising and swelling to his arm as a result of Defendants' actions. Attached as Exhibit E are a series of medical documents which were produced as a result of Plaintiff seeking medical treatment at the Buffalo VA Medical Center on January 23, 2018. As Exhibit E makes clear, Plaintiff was still suffering from lingering pain and injuries from the August 2, 2017 assault on his person. Exhibit E states that Plaintiff was presenting with lingering pain to his back and shoulder in addition to having his PTSD exasperated by the assault. Plaintiff states that since he was assaulted, he does not feel safe outside of the confines of his home.

58. All of Plaintiff's injuries were a direct result of the use of force that was in clear excess to the need. There was absolutely no need for the use of force on the part of Defendants Gullo and Cicchalski in the situation that they were presented with. As detailed in the first cause of action, the Plaintiff acted well within his rights when he refused to answer the Defendants. As such, there was absolutely no need for force to be used. Therefore, all force used by Defendants Gullo and Cicchalski was in excess of that which was necessary.

59. For these same reasons, the use of force by Defendants Gullo and Cicchalski was objectively unreasonable. Defendants Gullo and Cicchalski had no legitimate legal basis for detaining the Plaintiff, let alone to resort to the use of physical force. As such, their use of force is per se unreasonable.

60. Plaintiff demands costs and attorney's fees pursuant to 42 U.S.C. §1988.

WHEREFORE, the Plaintiff demands judgment on the above counts against the Defendants, their units, their officers, employees, against and other persons acting in concert or participation with them as stated above, and award the following amounts:

A. Compensatory damages in favor of the Plaintiffs in an amount to be determined by a jury;

B. Exemplary damages in favor of the Plaintiff;

C. Costs of this action, including reasonable attorney fees to the Plaintiff Pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, U.S.C. 1988 (1976); and

D. Such other relief as the court may deem appropriate.

DATED:   Buffalo, New York
         November 6, 2018

>                    The Law Offices of Matthew Albert
>
>                    By: /s/ Matthew Albert
>                    Matthew Albert, ESQ.
>                    Attorney for Plaintiff
>                    Office and P.O. Address
>                    388 Evans Street 1st Floor
>                    Williamsville, New York 14221
>                    (716) 445-4119
>                    mattalbertlaw@gmail.com