UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
AUG 25 2022
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

_____

RAYMOND WHITE,

     Plaintiff,

    v.                                                    18-CV-1245 (JLS) (JJM)

CITY OF BUFFALO POLICE
OFFICER ROBERT LARUSCH,
CITY OF BUFFALO POLICE
OFFICER BRANDON HAWKINS,
CITY OF BUFFALO POLICE
OFFICER LAUREN TRIPP, CITY OF
BUFFALO POLICE OFFICER
ZACHARY WILLIAMS, KALEIDA
HEALTH PEACE OFFICER JON
GULLO, KALEIDA HEALTH PEACE
OFFICER LIEUTENANT
CHIECHALSKI, KALEIDA HEALTH
PEACE OFFICER WILLIAM
O'SULLIVAN, KALEIDA HEALTH
PEACE OFFICER JAMES RATEL,
KALEIDA HEALTH POLICE
OFFICER ROBERT KEMP,

     Defendants.

_____

## DECISION AND ORDER

On November 7, 2018, Plaintiff Raymond White commenced this action

pursuant to 42 U.S.C. § 1983 and § 1988 relating to his arrest after an incident at

Buffalo General Medical Center on August 2, 2017.  Dkt. 1; *see also* Dkt. 22.

Specifically, White asserts claims for false imprisonment, excessive force, and

malicious prosecution.  *See* Dkt. 22.

On March 16, 2020, this Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C).  Dkt. 14.

Defendants LaRusch, Hawkins, Tripp, and Williams (collectively, the "City Defendants") moved for summary judgment on January 5, 2022.  Dkt. 50.  Shortly thereafter, Defendants Gullo, Ciechalski, O'Sullivan, Ratel, and Kemp (collectively, the "Kaleida Defendants") also moved for summary judgment.  Dkt. 52.  White responded in opposition to both summary judgment motions on February 11, 2022. Dkts. 57, 59.  The City Defendants replied on March 8, 2022, *see* Dkt. 62, and the Kaleida Defendants replied on March 11, 2022, *see* Dkt. 63.  On March 17, 2022, Judge McCarthy held oral argument, at which he requested a copy of the video of the incident.  Dkt. 64.

On June 1, 2022, Judge McCarthy issued a Report and Recommendation ("R&R"), recommending that both summary judgment motions be granted.  Dkt. 68. Specifically, Judge McCarthy recommended dismissal of the false arrest/imprisonment claim because the Kaleida Defendants had probable cause— and at least reasonable suspicion to conduct the initial investigatory stop—to believe White committed or was committing a crime at the time of his arrest and, therefore, White's arrest and continued detention were privileged.  *Id.* at 6-16. Judge McCarthy recommended the excessive force claim be dismissed because no reasonable jury could find the officers' actions to be objectively unreasonable.  *Id.* at 16-21.  Lastly, Judge McCarthy recommended dismissal of the malicious

prosecution claim because there was probable cause or arguable probable cause supporting the charges against White. *Id.* at 22-24. Lastly, Judge McCarthy recommended that the Kaleida Defendants' cross-claim against the City Defendants be dismissed. *Id.* at 24.

White objected to the R&R's recommendations as follows. Dkt. 71. First, White argues that the R&R erred in granting full credit to Defendant Ciechalski's *ex post facto* statement that he was told by a nurse that White had been involved in a fight and that legitimate questions remain as to what information the Kaleida officers had when they detained him. *Id.* at 2-5. Second, White argues because there are disputed issues as to whether his arrest was privileged, there are also questions as to whether the prosecution of him was lawful or the force used against him was reasonable. *Id.* at 5. Both the Kaleida and City Defendants responded to White's objections. Dkt. 73; Dkt. 80.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

This Court carefully reviewed the R&R—including the portions to which no party objected—and the relevant record. Based on its *de novo* review, the Court

accepts Judge McCarthy's recommended disposition of the parties' pending motions. On this record, summary judgment is appropriate.

For the reasons stated above and in the R&R, the Court GRANTS both motions for summary judgment (Dkts. 50, 52) in full.  The claims and cross-claims against all Defendants are dismissed.  The Clerk of Court shall close this case.


SO ORDERED.


Dated:      August 25, 2022
            Buffalo, New York

                                    _____
                                    JOHN L. SINATRA, JR.
                                    UNITED STATES DISTRICT JUDGE